IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT, WESTERN DIVISION, ILLINOIS

FERNANDO CRUZ-BERNAL,  )
COURTNEY A. REINHARD,  )
MICHAEL B. HODGE,  )
THOMAS A. VENEZIO, and  )
   )
   )
    PLAINTIFFS For Themselves And On  )
    Behalf Of All Others Similarly Situated,  )
   )
    v.  )
   )
KATHERINE M. KEEFE, Circuit Clerk of the  )
22nd Judicial Circuit, McHenry County, Illinois,  )
in her Official Capacity  )
   )
    Defendant.  )

**FILED**

AUG 1 3 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

14 C 50 1 78

## CLASS ACTION COMPLAINT

NOW COMES NAMED PLAINTIFFS FERNANDO CRUZ-BERNAL, COURTNEY

A. REINHARD, MICHAEL B. HODGE, and THOMAS A. VENEZIO PLAINTIFFS, by and

through their attorneys Raymond M. Flavin, III; Matthew Haiduk and James P. Kelly, and

complain against the DEFENDANT, KATHERINE M. KEEFE, Clerk of the 22nd Judicial

Circuit Court McHenry County, in her official capacity, for imposing fines without lawful

authority in violation of their constitutional rights, and states the following in support thereof:

## THE PARTIES

1. PLAINTIFFS FERNANDO CRUZ-BERNAL, COURTNEY A. REINHARD,

    MICHAEL B. HODGE, and THOMAS A. VENEZIO and similarly situated persons

1

subjected to the jurisdiction of the 22nd Judicial Circuit Court, in McHenry County, Illinois.

2. The DEFENDANT, KATHERINE M. KEEFE, is the lawfully elected Clerk of the 22nd Judicial Circuit Court, McHenry County, Illinois (hereinafter the "CLERK").

## NATURE OF ACTION

3. PLAINTIFFS FERNANDO CRUZ-BERNAL, COURTNEY A. REINHARD, MICHAEL B. HODGE, and THOMAS A. VENEZIO and all similarly situated individuals, were defendants in criminal and traffic cases before the 22nd Judicial Circuit Court in McHenry County, Illinois, sentenced to pay fines and court costs.

4. Following sentencing the PLAINTIFFS were directed to report to the CLERK to pay their fines and court costs.

5. The CLERK then *ex post facto*, and without lawful authority, imposed fines upon the PLAINTIFFS in addition to the fines imposed by the court.

6. The CLERK imposed the following fines upon the defendants in traffic and criminal cases, including the PLAINTIFFS, after these individuals were sentenced by a judge:

   a. DUI EQUIPMENT FINE

   b. PTF10 TR/CR SURCHARGE

   c. TRAUMA CENTER FINE

   d. VIOLENT CRIME ASSISTANCE FUND

   e. ROADSIDE MEMORIAL FUND

   f. CHILD ADVOCACY CENTER FINE

   g. MENTAL HEALTH COURT FINE

    h. DRUG COURT FEE

    i. SPINAL CORD RESEARCH FUND

    j. COURT SUPERVISION FEE

    k. DL EDUCATION FEE

7. Despite their respective labels, these assessments are fines and not "fees." People v. Graves, 235 Ill. 2d 244, 250, 919 N.E.2d 906, 909-10 (2009).

8. A "fee" is a charge that seeks to recoup expenses incurred by the state, or to compensate the state for some expenditure incurred in prosecuting the defendant. Graves, 235 Ill. 2d at 250, 919 N.E.2d at 909.

9. A"fee is more appropriately characterized as a fine where there was 'no relevant connection' between the offense committed by the defendant and the public endeavor funded by the fee." People v. Jones, 921 NE 2d 768, 775 (1st Dist. 2009) citing Price, 375 Ill.App.3d at 700, 313 Ill.Dec. 829, 873 N.E.2d 453.

10. The *ex post facto* imposition of fines on the PLAINTIFFS by the CLERK, violated the PLAINTIFFS' Constitutional right to due process of law as provided for in the 14th Amendment to the U.S. Constitution and Article 1§ 2 of the Illinois Constitution, as well as their constitutional right to be free from the *ex post facto* fines pursuant to Article 1 §10 of the U.S. Constitution, and Article 1 § 16 of the Illinois Constitution.

11. Imposing fines is a judicial act that the court may not delegate to the clerk. People v. Fontana, 622 NE 2d 893 (2nd Dist. 1993).

12. PLAINTIFFS and other similarly situated individuals were caused to pay fines that were not ordered by a judge.

3

13. Because of the CLERK's additional assessments, some PLAINTIFFS' total fine liability exceeded the maximum fine allowed by statute.

14. The CLERK has been imposing these additional fines for at least two (2) years and in some cases for more than a decade.

15. The fines imposed by the CLERK without a court order, are void and must be refunded to PLAINTIFFS and all similarly situated individuals.

## JURISDICTION AND VENUE

16. This court has original jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

17. The court has subject matter jurisdiction over claims from the violation of individual's 14th Amendment due process rights which have resulted from the imposition of fines by the Clerk without court order.

18. The court has subject matter jurisdiction over claims arising from the *ex post facto* assessment of fines in violation of Article 1 §10 of the U.S. Constitution, and Article 1 § 16 of the Illinois Constitution.

19. The CLERK is a non judicial officer of the judiciary of the State of Illinois with principal office located at 2200 N. Seminary Avenue, McHenry County, Illinois, 60098.

20. Jurisdiction and venue are therefore proper.

## RELEVANT FACTS

21. PLAINTIFFS were all defendants in traffic court or criminal court in McHenry County, Illinois.

22. PLAINTIFFS were all sentenced by judges of the 22nd Judicial Circuit Court.

23. In each of the courtrooms where the PLAINTIFFS were sentenced either the presiding judge or the court security officer (also called the bailiff) admonished all of the individuals sitting in the courtroom that fines were "set" by the judge and that neither the judge nor the clerks had control over the court costs, and that "court costs" were established by the legislature and to complain to their state representatives, or county board.

24. That the presiding judge before which each of the PLAINTIFFS appeared, entered an order sentencing the PLAINTIFF appearing before him to pay a specific fine and unspecified court costs.

25. That when PLAINTIFFS left the courtroom they were told that "court costs" would be added:

   a. But they were not told that additional fines would be added.

   b. They were not told the amount of those additional fines.

   c. That PLAINTIFFS were then directed to report to the CLERK.

   d. The CLERK imposed additional fines which were not specifically ordered by the judge, as follows:

      i. **DUI EQUIPMENT FINE**

         1. The DUI Equipment Fine of $750 is a fine.

         2. The enabling statute, 625 ILCS 5/11-501.01(f), the states this is a punishment and thus a fine:

            "In addition to **any other penalties** and liabilities, a person who is found guilty of or pleads guilty to violating Section 11-501, including any person placed on court supervision for violating Section 11-501, shall be assessed $750, payable to the circuit clerk . . ."

ii. **PTF10 TR/CR SURCHARGE**

   1. The PTF 10 TR/CR Surcharge of, which varies in amounts, is a fine. People v. Warren, 2014 ILAP (4th) 120721

   2. 730 ILCS 5/5-9-1(c), the authorizing statute itself states this is a punishment:

   "There shall be added to every fine imposed in sentencing for a criminal or traffic offense, except an offense relating to parking or registration, or offense by a pedestrian, **an additional penalty** of $10 for each $40."

iii. **TRAUMA CENTER FINE**

   1. The Trauma Center Fine is a fine. People v. Warren.

   2. The enabling statute for the "Trauma Center Fine" 625 ILCS 5/16-104(b) states:

   "[E]xcept that upon a conviction or order of supervision for driving under the influence of alcohol or drugs the Clerk shall remit $105 of the total amount collected ($5 for a traffic violation that amounts to $55 or more and an additional fee of $100 to be collected by the Circuit Clerk for a conviction or order of supervision for driving under the influence of alcohol or drugs), less the 2 1/2%, within 60 days to the State Treasurer to be deposited into the Trauma Center Fund. Of the amounts deposited into the Trauma Center Fund under this Section"

iv. **VIOLENT CRIME ASSISTANCE FUND**

   1. Violent Crime Assistance fund assessment is a fine. People v. Warren.

   2. The enabling statute,725 ILCS 240/10(b), states this is a fine:

   When any person is convicted in Illinois of an offense listed below, or placed on supervision for that offense on or after July 1, 2012, the court shall impose the following **fines**:...(3) $75 for any misdemeanor, excluding a conservation offense…

v. **ROADSIDE MEMORIAL FUND**

1. The Roadside Memorial fund assessment is a fine. People v. O'Laughlin, 2012 Ill.App.4 110018, 979 NE2d 1023.

2. The enabling statute, 705 ILCS 105/27.5 (l), itself states:

   Any person who receives a disposition of court supervision for a violation of Section 11-501 of the Illinois Vehicle Code or a similar provision of a local ordinance shall, in addition to any other fines, fees, and court costs, pay an additional fee of $50, which shall be collected by the circuit clerk and then remitted to the State Treasurer for deposit into the Roadside Memorial Fund.

vi. **CHILD ADVOCACY CENTER FINE**

1. The Child Advocacy Center Fine is a fine. People v. Jones, 397 Ill. App. 3d 651, 921 N.E.2d 768 (2009)

2. The enabling statute, 55 ILCS 5/5-1101(f-5), states:

   In each county in which a Children's Advocacy Center provides services, the county board may adopt a mandatory fee of between $5 and $30 to be paid by the defendant on a judgment of guilty or a grant of supervision under Section 5-9-1 of the Unified Code of Corrections for a felony; for a Class A, Class B, or Class C misdemeanor; for a petty offense; and for a business offense. Assessments shall be collected by the clerk of the circuit court and must be deposited into an account specifically for the operation and administration of the Children's Advocacy Center. The clerk of the circuit court shall collect the fees as provided in this subsection, and must remit the fees to the Children's Advocacy Center.

vii. **MENTAL HEALTH COURT FINE**

1. That the Mental Health Court fine is a fine.

2. The enabling statute 55 ILCS 5/5-1101(d-5), states:

   A $10 fee to be paid by the defendant on a judgment of guilty or a grant of supervision under Section 5-9-1 of the Unified Code of Corrections to be placed in the county general fund and used to

7

finance the county mental health court, the county drug court, the Veterans and Servicemembers Court, or any or all of the above.

### viii. DRUG COURT FEE

1. The the Drug Court fine is a fine.  <u>People v. Warren</u>

2. The enabling statute 55 ILCS 5/5-1101(f), states:

"In each county in which a drug court has been created, the county may adopt a mandatory fee of up to $5 to be assessed as provided in this subsection. Assessments collected by the clerk of the circuit court pursuant to this subsection must be deposited into an account specifically for the operation and administration of the drug court. The clerk of the circuit court shall collect the fees established in this subsection and must remit the fees to the drug court, less 5%, which is to be retained as fee income to the office of the clerk of the circuit court. The fees are to be paid as follows: (1) a fee of up to $5 paid by the defendant on a judgment of guilty or grant of supervision for a violation of the Illinois Vehicle Code or a violation of a similar provision contained in a county or municipal ordinance committed in the county…"

### ix. SPINAL CORD RESEARCH FUND

1. The Spinal Cord Research Fund assessment is a fine.  <u>People v. Warren</u>

2. The enabling statute states 705 ILCS 105/27.6(b-1) states:

In addition to any other fines and court costs assessed by the courts, any person convicted or receiving an order of supervision for driving under the influence of alcohol or drugs shall pay an additional fee of $5 to the clerk of the circuit court. This amount, less 2 1/2% that shall be used to defray administrative costs incurred by the clerk, shall be remitted by the clerk to the Treasurer within 60 days after receipt for deposit into the Spinal Cord Injury Paralysis Cure Research Trust Fund. This additional fee of $5 shall not be considered a part of the fine for purposes of any reduction in the fine for time served either before or after sentencing. Not later than March 1 of each year the Circuit Clerk shall submit a report of the amount of funds remitted to the State Treasurer under this subsection during the preceding calendar year.

**x.    COURT SUPERVISION FEE**

1. That the Court Supervision "fee" is a fine.  Because a portion of it is used for prisoner review board vehicle equipment fund and that is not related to the prosecution of this defendant.

2. The enabling statute 625 ILCS 5/16-104c, states:

    (a) Any person who receives a disposition of court supervision for a violation of any provision of this Code or a similar provision of a local ordinance shall pay an additional fee of $29, which shall be disbursed as follows:
    (1) if an officer of the Department of State Police arrested the person for the violation, $20 of the $29 fee shall be deposited into the State Police Vehicle Fund in the State treasury; or
    (2) if an officer of any law enforcement agency in the State other than the Department of State Police arrested the person for the violation, $20 of the $29 fee shall be paid to the law enforcement agency that employed the arresting officer and shall be used for the acquisition or maintenance of police vehicles; and
    (3) $9 of the $29 fee shall be deposited into the Drivers Education Fund.
    (b) In addition to the fee provided for in subsection (a), a person who receives a disposition of court supervision for any violation of this Code or a similar provision of a local ordinance shall also pay an additional fee of $6, if not waived by the court. Of this $6 fee, $5.50 shall be deposited into the Circuit Court Clerk Operation and Administrative Fund created by the Clerk of the Circuit Court and 50 cents shall be deposited into the **Prisoner Review Board Vehicle and Equipment Fund** in the State treasury.
    (c) The Prisoner Review Board Vehicle and Equipment Fund is created as a special fund in the State treasury. The Prisoner Review Board shall, subject to appropriation by the General Assembly and approval by the Secretary, use all moneys in the Prisoner Review Board Vehicle and Equipment Fund for the purchase and operation of vehicles and equipment.

**xi.    DL EDUCATION FEE**

1. The DL Education Fee is a fine.

9

2. The enabling statute, 625 ILCS 5/16-104a, states in relevant part that the Driver Education is an "Additional penalty for certain violations . . ."

26. In each case the PLAINTIFFS additional fines were added by the CLERK without a finding or order of the presiding judge.

27. That from 2003 the CLERK has processed approximately 16,000 DUI cases assessing the DUI Equipment Fine in this manner, bringing the total potential liability for this improper fine on similarly situated plaintiffs to approximately Nine Million One Hundred Thousand Dollars and 00/100 ($9,100,000).

28. That from 2003 CLERK has processed approximately 16,000 DUI cases assessing the TR/CR Surcharge in this manner, bringing the total potential liability for this improper fine to approximately Eight Million Dollars and 00/100 ($8,000,000).

29. That from 2003 CLERK has processed approximately 16,000 DUI cases assessing the Violent Crime Assistance Fine in this manner, bringing the total potential liability for this improper fine to approximately One Million Two Hundred Thousand Dollars and 00/100 ($1,200,000).

30. That from from 2003 CLERK has processed approximately 16,000 DUI cases assessing the Child Advocacy Center Fine in this manner, bringing the total potential liability for this improper fine to approximately Two Hundred and Eight Thousand Dollars and 00/100 ($208,000).

31. That from 2009 the CLERK processed approximately 300,000 traffic cases assessing the Child Advocacy Center Fine in this manner, bringing the total potential liability for this

improper fine to approximately Three Million Nine Hundred Thousand Dollars and 00/100 ($3,900,000).

32. That from 2012 the CLERK processed approximately 77,000 traffic cases assessing the Violent Crime Assistance Fee in this manner, brings the total potential liability for this improper fine to approximately Three Million Eight Hundred Thousand Dollars and 00/100 ($3,850,000).

### Fernando Cruz-Bernal

33. Fernando Cruz-Bernal (hereinafter "BERNAL") was arrested in McHenry County Illinois for driving under the influence of alcohol, a violation of 625 ILCS 5/11-501(A)(2), in McHenry County Case Number 12 DT 559.

34. BERNAL entered a negotiated a plea and the judge ordered fine of $1,250.00 plus court costs. See Exhibit "A". The Judge then directed BERNAL to report to the CLERK where without lawful authority the CLERK assessed additional **fines** including:

    a. "DUI EQUIP" (totaling $750);

    b. "PTF10 TR/CR SURCHARGE" (totaling $540 in this case);

    c. "TRAUMA CENTER FINE" (totaling $100 in this case);

    d. "VIOLENT CRIME ASSIST. FUND" (totaling $75 in this case);

    e. "ROADSIDE MEMORIAL FUND" (totaling $50 in this case);

    f. "CHILD ADVOCACY CENTER FINE" (totaling $13 in this case);

    g. "MENTAL HEALTH COURT FINE" (totaling $10 in this case);

    h. "DRUG COURT FINE" (totaling $5 in this case);

    i. "SPINAL CORD RESEARCH FUND" (totaling $5 in this case);

    j. "COURT SUPERVISION-CRYSTAL LAKE" (totaling $35 in this case);

35. In total, the CLERK improperly assessed one thousand, five hundred and eighty-three dollars ($1583) of additional fines above and beyond the court ordered $1250 without lawful authority.

36. With the court ordered fine of $1,250 and the CLERK's improper imposition of an additional $1,583 in fines, BERNAL is required to pay a total of $2,833 in fines. (See Exhibit "B") That the maximum fine for this type of case is $2,500.00.

### Courtney A. Reinhard

37. Courtney A. Reinhard (hereinafter "REINHARD") was arrested in McHenry County Illinois for driving under the influence of alcohol, a violation of 625 ILCS 5/11-501(A)(2) McHenry County Case Number 11 DT 1210. After a finding of guilty upon a jury verdict the judge ordered fine of $1,000.00. (See Exhibit "C") She was then directed to report to the Clerk of the Court window where the CLERK assessed additional fines including:

   a. "DUI EQUIP 750-MCH CO SHERIFF" (totaling $750 in this case);

   b. "PTF10 TR/CR SURCHARGE" (totaling $470 in this case);

   c. "TRAUMA CENTER FINE" (totaling $100 in this case);

   d. "VIOLENT CRIME ASSIST. FUND" (totaling $75 in this case);

   e. "ROADSIDE MEMORIAL FUND" (totaling $50 in this case);

   f. "CHILD ADVOCACY CENTER FINE" (totaling $13 in this case);

   g. "MENTAL HEALTH COURT FINE" (totaling $10 in this case);

   h. "DRUG COURT FINE" (totaling $5 in this case);

   i. "SPINAL CORD RESEARCH FUND" (totaling $5 in this case);

   j. "TRAUMA CENTER FINE" (totaling $105 in this case);

   k. The DL Education Fine ($188)

12

38. In total, the CLERK improperly assessed the DUI Equipment Fine of $750, PTF 10 TR/CR Surcharge $470, Trauma Center Fee $105, Violent Crime Assistance Fund $75, Roadside Memorial Fund $50, Child Advocacy Center $13, Mental Health Court $10, Drug Court $5, Spinal Cord Research Fund $5 and DL Education Fee of $188 for a total of ($1,771.00) of fines above and beyond the court ordered $1,000 fine without lawful authority. See Exhibit "D";

39. With the court ordered fine of $1,000 and the CLERK'S improper imposition of an additional $1771 in fines, REINHARD is required to pay a total of $2771 in fines. That the maximum fine for this type of case is $2,500.00.

### Michael B. Hodge

40. Michael B. Hodge (hereinafter "HODGE") was ticketed for Improper Lane Usage, a violation of 625 ILCS 5/11-709(A). At court he was found guilty by a judge and ordered to pay a fine of $100. He was then directed to report to the CLERK payment window where the CLERK assessed additional fines, See Exhibit "E", including:

   a. VIOLENT CRIME ASST. FUND (totaling $50 in this case);

   b. PTF10 TR/CR SURCHARGE (totaling $40 in this case);

   c. MENTAL HEALTH COURT FINE (totaling $10 in this case);

   d. CHILD ADVOCACY CENTER FINE (totaling $13 in this case)

   e. TRAUMA CENTER FINE (totaling $5 in this case);

   f. DRUG COURT FINE (totaling $5 in this case);

41. That Michael Hodges was improperly charged for the Violent Crime Assistance Fund $50, PTR 10 TR/CR Surcharge $40, Mental Health Court $10, Drug Court $5, Child Advocacy

13

Center $13, Trauma Center $5 for a total of ($123.00) in addition to the $100 fine the judge ordered.

### Thomas A. Venezio

42. Thomas A. Venezio was ticketed for driving 11-14 miles per hour over the speed limit, a violation of 625 ILCS 5/11-601(B) McHenry County Case Number 14TR3328. At court the Venezio entered a plea of guilty to the ticket and the judge assessed a fine of $50. Venezio was then directed to report to the Clerk of the Court payment window where the Clerk of the Circuit court assessed additional fines, See Exhibit "F" including:

   a. PTF10 TR/CR SURCHARGE (totaling $20 in this case);

   b. CHILD ADVOCACY CENTER FINE (totaling $13 in this case);

   c. MENTAL HEALTH COURT FINE (totaling $10 in this case);

   d. DRUG COURT FINE (totaling $5 in this case);

43. That Thomas Venezio was improperly charged the PTF 10 TR/CR Surcharge $20, Child Advocacy Center Fine $13, Mental Health Court $10 and Drug Court $5 for a total of $48 in addition to a $50 fine ordered by the judge.

### CLASS ACTION AVERMENTS

44. The class representatives bring this action pursuant to Fed. R. Civ. P. 23, on behalf themselves and all other defendants in traffic, misdemeanor, and DUI cases in the 22nd Judicial Circuit Court who were sentenced to pay fines and court costs since 2003.

45. The proposed class consists of approximately 52,000 individuals charged with traffic offenses each year for 14 years (700,000), approximately 35,000 individuals charged with

misdemeanors, and approximately 16,000 individuals charged with DUI offenses, joinder of all members of the class is impracticable.

46. As detailed herein related to the issues of fact and law, these named class Plaintiffs present common questions of fact and law common to members of the class which predominate over questions affecting only individual members as required by Fed. R. Civ. P. 23 (a)(2).

47. The Class will be fairly and adequately be represented by the named PLAINTIFFS and by their attorneys as required by Fed. R. Civ. P. 23(a)(4).

48. Based upon the large number of claims, and the commonality of the damages as to each claimant, this proposed Class Action is an appropriate method for the fair and efficient adjudication of this controversy as contemplated in Fed. R. Civ. P. 23.

WHEREFORE, PLAINTIFFS demands judgment against the Defendant,

    a. In an amount calculated to reimburse the similarly situated PLAINTIFFS for the additional fines that were improperly assessed by the CLERK in excess of what the judge ordered for the DUI Equipment Fee, TR/CR Surcharge, Violent Crime Assistance, Trauma Center Fine, Roadside Memorial Fund, Mental Health Court Fine, Drug Court Fine and Child Advocacy Center Fine as described above. Specifically, in an amount in excess of $25,358,000 Twenty-Five Million Three Hundred and Fifty-Eight Million Dollars and 00/100.

    b. In an amount calculated to reimburse the similarly situated PLAINTIFFS for any and all fines that were assessed by the CLERK without order of the court in any criminal or traffic cases, the amount of which can only be determined by an examination of the CLERK's records.

    c. In an amount calculated to reimburse named PLAINTIFFS:

    i.    Fernando Cruz-Bernal in the amount of $1,583.00 plus attorneys fees.

    ii.    Courtney Reinert in the amount of $1,771 plus attorneys fees.

    iii.    Michael Hodge in the amount of $123 plus attorneys fees.

    iv.    Thomas Venezio in the amount of $48 plus attorneys fees.

d.  For reasonable attorneys' fees as authorized by law awarded to PLAINTIFFS and the members of the class on whose behalf this suit is brought.

e.  That PLAINTIFFS receive their costs of maintaining this suit, and

f.  That the PLAINTIFFS receive such other and further relief as the case may require, the facts demand, and the Court may deem just and proper under the circumstances.

Respectfully submitted,

One of the Attorneys for the Class of Plaintiffs

Raymond M. Flavin, III, Esq.
666 Russel Court #106
Woodstock, IL 60098
(815)334-9004
ARDC #6210645

James P. Kelly
Matuszewich, Kelly & McKeever LLP
101 N. Virginia St., Suite 150
Crystal Lake, Illinois 60014
(815) 459-3120
6208284

Matthew J. Haiduk
825 W. State St. Suite 117D
Geneva, Illinois 60134
(630) 557-6288
6272339

IN THE CIRCUIT COURT OF THE 22ND JUDICIAL CIRCUIT
McHENRY COUNTY, ILLINOIS

**NOV - 6 2012**

KATHERINE M. KEEFE
Clerk of the Circuit Court

___ PEOPLE OF THE STATE OF ILLINOIS

_X_ Municipality of _CRYSTAL LAKE_

vs.                                                    GENERAL NO. _12 DT 559_

_FERNANDO CRUZ -BERNAL_ , Defendant

## MISDEMEANOR SENTENCING ORDER

On the charge(s) of: _____ _DRIVING UNDER THE INFLUENCE_
the Defendant has been found guilty after a ([negotiated] plea of guilty) (trial) (stipulation of facts sufficient to convict). The Court has been fully advised in the premises and has considered the circumstances of the offense; the history, character and condition of the Defendant; and any evidence in aggravation or mitigation.
NOW, THEREFORE, IT IS ORDERED:
Judgement of conviction _____ enters _X_ is deferred.
☒ The Defendant is sentenced to _X_ supervision _____ conditional discharge_____ reporting probation ___ 720 ILCS 550/10 probation beginning today and ending on _11/4/2013_ . Defendant shall appear in Court that day at _8:30_ A .M, Court Room _104_ . A violation of any obligation imposed below may result in Defendant's arrest, a revocation of this sentence and a resentencing on the original offense to any authorized disposition including jail.
The Defendant shall:
• notify the Clerk of this Court in writing of any change in the Defendant's address within five days after such change;
• submit written reports and appear in person as directed by this Court, its Clerk or by the Department of Court Services;
• not violate any criminal law or ordinance of any jurisdiction including traffic regulations;
• not possess a firearm or other dangerous weapon during a sentence of conditional discharge or probation;
• immediately report to and then make all required payments as directed by the Financial Compliance Office of the Clerk of Court;
☒ pay a fine in the amount of _1,250 °°_ and all court costs assessed by the Clerk before _4/4/2013_ ;
☐ pay restitution in the amount of _____ to the Clerk of this Court before _____ for the benefit of _____ ;
☐ serve a term in jail of _____ days (day for day credit) (credit for ___ days served) (time considered served) and report to the McHenry County, Illinois, jail at _____ , ___M on _____ and thereafter as directed;
☐ serve a term of periodic imprisonment in the county jail as specified in the ORDER OF PERIODIC IMPRISONMENT;
☒ attend and complete, including the payment of fees, the Illinois Department of Alcohol and Substance Abuse licensed remedial alcohol or substance abuse program(s) specified below and deliver a written certificate of completion to the Clerk of this Court and to the Prosecuting Attorney within 180 days after today unless otherwise directed herein:
        _X_ D.U.I. Treatment, Level _II m_ ;      _X_ Victim Impact Panel(s);      _____ Evaluation,
        Other _____ _(MODERATE)_ ;
☐ file within _____ days with the Clerk of this Court a written _____ evaluation signed by any therapist approved for practice by any Illinois governmental agency and file with the Clerk of this Court written evidence of Defendant's compliance with all recommendations of such therapist before _____ , _____ ;
☐ perform _____ hours of (home) community service and deliver written proof of completion to the Court before _____ . Report immediately to the Department of Court Services;
☐ submit to and pay for not less than _____ instance(s) of random periodic drug testing at the direction of Court Services where you will report immediately;
☐ have no contact with _____
☐ deliver a completion certificate for the _____ Traffic Safety School to the Court Clerk before _____ , _____ ;
☐ report immediately and each month hereafter to the Adult Probation Division of the Department of Court Services and at such other times as directed by a Probation Officer; follow all directives of the Probation Department; keep the Probation Department advised of the Defendant's home address and telephone number; not leave the State without the written permission of either Adult Probation or the Court; permit the Probation Officer to visit at Defendant's home or elsewhere at the request of the Officer; pay Probation Service Fees in the amount of _____ per month;
☐ appear in Court on _____ , _____ M and report the status of Defendant's compliance;
☒ Other: _12CM 1289, COUNT I, 12TR 27038,9 ARE DISMISSED._
_____
_____

RECEIVED:
_Fernando Cruz Bernal_ , Defendant                    _11-6-12_ , Date
Address: _721 N. Seminary Ave. Wdct. IL 60098_
_(815) 307-0374_
Telephone _____                                         _____ , JUDGE

White-Original      Green-Defendant      _____ ecutor      Gold-Defense Counsel

**EXHIBIT**

**A**

# CASE FINANCIAL REPORT

| 12DT000559 | PEOPLE VS. CRUZ-BERNAL, FERNANDO<br>CRYSTAL LAKE COMPLAINT | Balance Due: $0.00<br>Bond Balance: $0.00<br>Def DOB: 4/2/93 |
|---|---|---|

**Charge 1**   625-5/11-501(A)(2)     DRVG UNDER INFLU OF ALCOHOL           Class A     Ticket #: 443300632
Date: 06/23/2012   **Disposition:** WITHHOLD - JUDGMENT - SUPERVISION     **Disposition Manner:** GUILTY - NEGOTIATED

| Sentence | Date: 11/06/2012 | Type: FINE, COSTS, FEES | $3,100.00 |
| Sentence | Date: 11/06/2012 | Type: SUPERVISION-REAPR-COURT MONITORING | 1.00 YEAR(S) |
| Sentence | Date: 11/06/2012 | Type: DUI SCHOOL | |
| Sentence | Date: 11/06/2012 | Type: VICTIM IMPACT PANEL | |

**Charge 2**   625-5/11-501(A)(1)     DRVG UNDER INFLU/BAC 0.08           Class A     Ticket #: 443300636
Date: 06/23/2012   **Disposition:** NOLLE PROSSED         **Disposition Manner:** NOT GUILTY

## ASSESSMENTS

| Date | Type | Amount | PTD | Bal Due | Reason | Rescind Date |
|---|---|---|---|---|---|---|
| 11/06/2012 | TEN PERCENT FEE (TENPCT) | $10.00 | $10.00 | $0.00 | | |
| 11/06/2012 | STATES ATTORNEY AUTOMATION FEE (SAAF) | $2.00 | $2.00 | $0.00 | | |
| 11/06/2012 | ELECTRONIC CITATION-CRYSTAL LK (ECF055) | $5.00 | $5.00 | $0.00 | | |
| 11/06/2012 | ROADSIDE MEMORIAL FUND (RMF) | $50.00 | $50.00 | $0.00 | | |
| 11/06/2012 | TRAUMA CENTER FINE (TCF) | $100.00 | $100.00 | $0.00 | | |
| 11/06/2012 | TRAUMA CENTER FINE (TCF) | $5.00 | $5.00 | $0.00 | | |
| 11/06/2012 | CHILD ADVOCACY CENTER FINE (CAC) | $13.00 | $13.00 | $0.00 | | |
| 11/06/2012 | FINE-CRYSTAL LAKE (F055) | $1,245.00 | $1,245.00 | $0.00 | | |
| 11/06/2012 | COURT SUPERVISION-CRYSTAL LAKE (PVF055) | $35.00 | $35.00 | $0.00 | | |
| 11/06/2012 | DUI EQUIP 750-CRYSTAL LAKE PD (DEF055) | $750.00 | $750.00 | $0.00 | | |
| 11/06/2012 | ATTY.FEE-CRYSTAL LAKE (MA055) | $25.00 | $25.00 | $0.00 | | |
| 11/06/2012 | SPINAL CORD RESEARCH FUND (SCF) | $5.00 | $5.00 | $0.00 | | |
| 11/06/2012 | CIRCUIT CLERK FEE (COST) | $75.00 | $75.00 | $0.00 | | |
| 11/06/2012 | COURT FEE (CF) | $30.00 | $30.00 | $0.00 | | |
| 11/06/2012 | DRUG COURT FINE (DCF) | $5.00 | $5.00 | $0.00 | | |
| 11/06/2012 | MENTAL HEALTH COURT FINE (MHCF) | $10.00 | $10.00 | $0.00 | | |
| 11/06/2012 | COURT AUTOMATION FEE (CAF) | $15.00 | $15.00 | $0.00 | | |
| 11/06/2012 | COURT DOCUMENT FEE (CDF) | $15.00 | $15.00 | $0.00 | | |
| 11/06/2012 | COURT SECURITY FEE (CSF) | $25.00 | $25.00 | $0.00 | | |
| 11/06/2012 | STATE POLICE OP ASSISTANCE FEE (SPOAF) | $15.00 | $15.00 | $0.00 | | |
| 11/06/2012 | VIOLENT CRIME ASST. FUND (VCAF) | $75.00 | $75.00 | $0.00 | | |
| 11/06/2012 | PTF10 TR/CR SURCHARGE (PTF10) | $540.00 | $540.00 | $0.00 | | |
| 11/06/2012 | VICTIM IMPACT FEE (VIP) | $20.00 | $20.00 | $0.00 | | |
| 11/06/2012 | PROBATION COURT MONITORING FEE (PROBCM) | $30.00 | $30.00 | $0.00 | | |
| 01/23/2013 | SHERIFF'S FEE (SF) | $37.65 | $37.65 | $0.00 | | |

**ASSESSMENTS TOTAL: $3,137.65**



EXHIBIT

B

**12DT000559**  PEOPLE VS. CRUZ-BERNAL, FERNANDO  Balance Due: $0.00
CRYSTAL LAKE COMPLAINT  Bond Balance: $0.00
Def DOB: 4/2/93

## PAYMENTS

| Date | Type | Check Number | Amount | Receipt Number |
|------|------|--------------|--------|----------------|
| 11/04/2013 | CASH | | $454.65 | 4442248 |
| 10/29/2013 | CASH | | $800.00 | 4439213 |
| 08/30/2013 | CASH | | $500.00 | 4400579 |
| 08/06/2013 | CASH | | $100.00 | 4383805 |
| 07/09/2013 | CASH | | $300.00 | 4365673 |
| 05/14/2013 | CASH | | $150.00 | 4329472 |
| 04/01/2013 | CASH | | $180.00 | 4299873 |
| 02/20/2013 | CASH | | $180.00 | 4274526 |
| 01/22/2013 | CASH | | $100.00 | 4256127 |
| 12/06/2012 | CASH | | $273.00 | 4227104 |
| 11/06/2012 | BOND APPLIED | | $100.00 | 4207441 |

**PAYMENTS TOTAL: $3,137.65**

## BOND SUMMARY

| Date | Activity Type | Amount | Case To | Case From | Posted By |
|------|---------------|--------|---------|-----------|-----------|
| 06/27/2012 | NEW BOND | $100.00 | 12DT000559 | | CRUZ-BERNAL, FERNANDO |
| 11/06/2012 | BOND APPLIED | $-100.00 | 12DT000559 | 12DT000559 | CRUZ-BERNAL, FERNANDO |

**BOND SUMMARY TOTAL: $0.00**

## COMPLIANCE PLAN

| Plan Number | Plan Date | Plan Type | Amount | Frequency | Payment Day |
|-------------|-----------|-----------|--------|-----------|-------------|
| 12FC008943 | 11/06/2012 | INSTALLMENT | $273.00 | Monthly | 12/05/2012 |

IN THE CIRCUIT COURT OF THE 22ND JUDICIAL CIRCUIT
McHENRY COUNTY, ILLINOIS

X PEOPLE OF THE STATE OF ILLINOIS

___ Municipality of _____

vs.

*COURTNEY REINHARD*

GENERAL NO. *11 DT 1210*

FILED
McHenry County, Illinois
MAY 2 8 2014
KATHERINE M. KEEFE
Clerk of the Circuit Court

### MISDEMEANOR SENTENCING ORDER

On the charge(s) of: _____ *DRIVING UNDER THE INFLUENCE*
the Defendant has been found guilty after a (negotiated) plea of guilty (trial) (stipulation of facts sufficient to convict). The Court has been fully advised in the premises and has considered the circumstances of the offense, the history, character and condition of the Defendant; and any evidence in aggravation or mitigation.

NOW, THEREFORE, IT IS ORDERED:

Judgement of conviction X enters _____ is deferred.

[X] The Defendant is sentenced to _____ supervision X conditional discharge _____ reporting probation ___ 720 ILCS 550/10 probation beginning today and ending on *5-27-15* . Defendant shall appear in Court that day at *8:30* A M, Court Room *104* . A violation of any obligation imposed below may result in Defendant's arrest, a revocation of this sentence and a resentencing on the original offense to any authorized disposition including jail.

The Defendant shall:
- notify the Clerk of this Court in writing of any change in the Defendant's address within five days after such change;
- submit written reports and appear in person as directed by this Court, its Clerk or by the Department of Court Services;
- not violate any criminal law or ordinance of any jurisdiction including traffic regulations;
- not possess a firearm or other dangerous weapon during a sentence of conditional discharge or probation;
- immediately report to and then make all required payments as directed by the Financial Compliance Office of the Clerk of Court;

[X] pay a fine in the amount of *1,000* and all court costs assessed by the Clerk before *5-27-15* ;

[ ] pay restitution in the amount of _____ to the Clerk of this Court before _____ for the benefit of _____

[ ] serve a term in jail of _____ days (day for day credit) (credit for ___ days served) (time considered served) and report to the McHenry County, Illinois, jail at _____ , ___M on _____ and thereafter as directed;

[ ] serve a term of periodic imprisonment in the county jail as specified in the ORDER OF PERIODIC IMPRISONMENT;

[X] attend and complete, including the payment of fees, the Illinois Department of Alcohol and Substance Abuse licensed remedial alcohol or substance abuse program(s) specified below and deliver a written certificate of completion to the Clerk of this Court and to the Prosecuting Attorney within 180 days after today unless otherwise directed herein:
X D.U.I. Treatment, Level *1S* ; X Victim Impact Panel(s); _____ Evaluation,
Other *ALCOHOL COUNSELING IS COMPLETE*

[ ] file within _____ days with the Clerk of this Court a written _____ evaluation signed by any therapist approved for practice by any Illinois governmental agency and file with the Clerk of this Court written evidence of Defendant's compliance with all recommendations of such therapist before _____ ;

[ ] perform _____ hours of (home) community service and deliver written proof of completion to the Court before_____ . Report immediately to the Department of Court Services;

[ ] submit to and pay for not less than _____ instance(s) of random periodic drug testing at the direction of Court Services where you will report immediately;

[ ] have no contact with _____ ;

[ ] deliver a completion certificate for the _____ Traffic Safety School to the Court Clerk before _____ ;

[ ] report immediately and each month hereafter to the Adult Probation Division of the Department of Court Services and at such other times as directed by a Probation Officer; follow all directives of the Probation Department; keep the Probation Department advised of the Defendant's home address and telephone number; not leave the State without the written permission of either Adult Probation or the Court; permit the Probation Officer to visit at Defendant's home or elsewhere at the request of the Officer; pay Probation Service Fees in the amount of _____ per month;

[ ] appear in Court on _____ M and report the status of Defendant's compliance;

[X] Other: *#250 TO AAIM. DEFENDANT NEED NOT REAPPEAR IF IN FULL COMPLIANCE WITH THIS OFFER. DEFENDANT IS PLACED ON COURT MONITORING.*

RECEIVED: *Courtney Reinhard* , Defendant

Address: *907 West Avenue*
*Woodstock IL*
Telephone *815-263-4207*

*5-28-14* , Date

_____ , JUDGE

EXHIBIT
C

White-Original    Green-Defendant    _____ Prosecutor    Gold-Defense Counsel

# CASE FINANCIAL REPORT

| **11DT001210** | **PEOPLE VS. REINHARD, COURTNEY A**<br>SHERIFF COMPLAINT-MCH COUNTY | Balance Due: $0.00<br>Bond Balance: $0.00<br>Def DOB: 9/11/79 |
|---|---|---|

**Charge 1**  625-5/11-501(A)(2)  DRVG UNDER INFLU OF ALCOHOL  **Class A**  **Ticket #: 05058673**
Date: 12/29/2011  **Disposition:** JUDGMENT - CONVICTION  **Disposition Manner:** JURY TRIAL

| Sentence | Date: 05/28/2014 | Type: COND DISCH/SP CND-COURT MONITORING | 1.00 YEAR(S) |
|---|---|---|---|
| Sentence | Date: 05/28/2014 | Type: FINE, COSTS, FEES | $3,236.65 |
| Sentence | Date: 05/28/2014 | Type: DUI SCHOOL | |
| Sentence | Date: 05/28/2014 | Type: VICTIM IMPACT PANEL | |

## ASSESSMENTS

| Date | Type | Amount | PTD | Bal Due | Reason | Rescind Date |
|---|---|---|---|---|---|---|
| 12/29/2011 | SHERIFF BOND FEE (SBF) | $28.00 | $28.00 | $0.00 | | |
| 03/17/2014 | SHERIFF'S FEE (SF) | $48.65 | $48.65 | $0.00 | | |
| 05/28/2014 | TEN PERCENT FEE (TENPCT) | $30.00 | $30.00 | $0.00 | | |
| 05/28/2014 | STATES ATTORNEY AUTOMATION FEE (SAAF) | $2.00 | $2.00 | $0.00 | | |
| 05/28/2014 | ELECTRONIC CITATION-SHERIFF (ECF050) | $5.00 | $5.00 | $0.00 | | |
| 05/28/2014 | ROADSIDE MEMORIAL FUND (RMF) | $50.00 | $50.00 | $0.00 | | |
| 05/28/2014 | TRAUMA CENTER FINE (TCF) | $100.00 | $100.00 | $0.00 | | |
| 05/28/2014 | TRAUMA CENTER FINE (TCF) | $5.00 | $5.00 | $0.00 | | |
| 05/28/2014 | CHILD ADVOCACY CENTER FINE (CAC) | $13.00 | $13.00 | $0.00 | | |
| 05/28/2014 | FINE-MCHENRY COUNTY (F050) | $995.00 | $995.00 | $0.00 | | |
| 05/28/2014 | DUI EQUIP 750-MCH CO SHERIFF (DEF050) | $750.00 | $750.00 | $0.00 | | |
| 05/28/2014 | STATE'S ATTORNEY FEE (SA) | $10.00 | $10.00 | $0.00 | | |
| 05/28/2014 | SPINAL CORD RESEARCH FUND (SCF) | $5.00 | $5.00 | $0.00 | | |
| 05/28/2014 | CIRCUIT CLERK FEE (COST) | $75.00 | $75.00 | $0.00 | | |
| 05/28/2014 | COURT FEE (CF) | $30.00 | $30.00 | $0.00 | | |
| 05/28/2014 | DRUG COURT FINE (DCF) | $5.00 | $5.00 | $0.00 | | |
| 05/28/2014 | MENTAL HEALTH COURT FINE (MHCF) | $10.00 | $10.00 | $0.00 | | |
| 05/28/2014 | COURT AUTOMATION FEE (CAF) | $15.00 | $15.00 | $0.00 | | |
| 05/28/2014 | COURT DOCUMENT FEE (CDF) | $15.00 | $15.00 | $0.00 | | |
| 05/28/2014 | COURT SECURITY FEE (CSF) | $25.00 | $25.00 | $0.00 | | |
| 05/28/2014 | STATE POLICE OP ASSISTANCE FEE (SPOAF) | $15.00 | $15.00 | $0.00 | | |
| 05/28/2014 | VIOLENT CRIME ASST. FUND (VCAF) | $75.00 | $75.00 | $0.00 | | |
| 05/28/2014 | PTF10 TR/CR SURCHARGE (PTF10) | $470.00 | $470.00 | $0.00 | | |
| 05/28/2014 | D.L.EDUCATION FEE (DLE) | $188.00 | $188.00 | $0.00 | | |
| 05/28/2014 | VICTIM IMPACT FEE (VIP) | $20.00 | $20.00 | $0.00 | | |
| 05/28/2014 | PROBATION COURT MONITORING FEE (PROBCM) | $30.00 | $30.00 | $0.00 | | |
| 05/28/2014 | A.A.I.M. (AAIM) | $250.00 | $250.00 | $0.00 | | |

**ASSESSMENTS TOTAL: $3,264.65**

## PAYMENTS

| Date | Type | Check Number | Amount | Receipt Number |
|---|---|---|---|---|
| 05/28/2014 | BOND APPLIED | | $300.00 | 4573133 |
| 05/28/2014 | CHECK OR MONEY ORDER | 1170 | $2,936.65 | 4573133 |
| 12/29/2011 | BOND HOLDING ACCOUNT | | $28.00 | 4001130 |

**PAYMENTS TOTAL: $3,264.65**

**EXHIBIT**

**D**

06/03/2014   3:37 pm

Page 1 of 2

# CASE FINANCIAL REPORT

| **14TR003399** | **PEOPLE VS. HODGE, MICHAEL B**<br>**MC HENRY COMPLAINT** | Balance Due: $0.00<br>Bond Balance: $0.00<br>Def DOB: 12/26/81 |
|---|---|---|

**Charge 1**   625-5/11-709(A)    IMPROPER TRAFFIC LANE USAGE

| Date: 01/30/2014 | **Disposition:** WITHHOLD - JUDGMENT - SUPERVISION | **Class** P   **Ticket #:** 051201300 |
|---|---|---|
| | | **Disposition Manner:** STIPULATE TO FACTS OR TES |

| Sentence | Date: 07/02/2014 | Type: TRAFFIC SAFETY SCHOOL | 4.00 HOUR(S) |
|---|---|---|---|
| Sentence | Date: 07/02/2014 | Type: FINE, COSTS, FEES | $410.00 |
| Sentence | Date: 07/02/2014 | Type: SUPERVISION | 120.00 DAY(S) |

## ASSESSMENTS

| Date | Type | Amount | PTD | Bal Due | Reason | Rescind | Date |
|---|---|---|---|---|---|---|---|
| 07/02/2014 | STATES ATTORNEY AUTOMATION FEE (SAAF) | $2.00 | $2.00 | $0.00 | | | |
| 07/02/2014 | ELECTRONIC CITATION-MCHENRY (ECF155) | $5.00 | $5.00 | $0.00 | | | |
| 07/02/2014 | TRAUMA CENTER FINE (TCF) | $5.00 | $5.00 | $0.00 | | | |
| 07/02/2014 | CHILD ADVOCACY CENTER FINE (CAC) | $13.00 | $13.00 | $0.00 | | | |
| 07/02/2014 | FINE-MCHENRY (F155) | $95.00 | $95.00 | $0.00 | | | |
| 07/02/2014 | COURT SUPERVISION-MCHENRY (PVF155) | $35.00 | $35.00 | $0.00 | | | |
| 07/02/2014 | ATTY.FEE-MCHENRY (MA155) | $25.00 | $25.00 | $0.00 | | | |
| 07/02/2014 | CIRCUIT CLERK FEE (COST) | $15.00 | $15.00 | $0.00 | | | |
| 07/02/2014 | COURT FEE (CF) | $5.00 | $5.00 | $0.00 | | | |
| 07/02/2014 | DRUG COURT FINE (DCF) | $5.00 | $5.00 | $0.00 | | | |
| 07/02/2014 | MENTAL HEALTH COURT FINE (MHCF) | $10.00 | $10.00 | $0.00 | | | |
| 07/02/2014 | COURT AUTOMATION FEE (CAF) | $15.00 | $15.00 | $0.00 | | | |
| 07/02/2014 | COURT DOCUMENT FEE (CDF) | $15.00 | $15.00 | $0.00 | | | |
| 07/02/2014 | COURT SECURITY FEE (CSF) | $25.00 | $25.00 | $0.00 | | | |
| 07/02/2014 | STATE POLICE OP ASSISTANCE FEE (SPOAF) | $15.00 | $15.00 | $0.00 | | | |
| 07/02/2014 | TRAFFIC SAFETY SCHOOL FEE (TSS) | $35.00 | $35.00 | $0.00 | | | |
| 07/02/2014 | VIOLENT CRIME ASST. FUND (VCAF) | $50.00 | $50.00 | $0.00 | | | |
| 07/02/2014 | PTF10 TR/CR SURCHARGE (PTF10) | $40.00 | $40.00 | $0.00 | | | |
| 07/02/2014 | TRAFFIC SAFETY SCHOOL FEE (TSS) | $15.00 | $15.00 | $0.00 | | | |

**ASSESSMENTS TOTAL: $425.00**

## PAYMENTS

| Date | Type | Check Number | Amount | Receipt Number |
|---|---|---|---|---|
| 07/02/2014 | CHECK OR MONEY ORDER | 232 | $425.00 | 4597028 |

**PAYMENTS TOTAL: $425.00**

**EXHIBIT**

E

# CASE FINANCIAL REPORT

| 14TR003328 | BULL VALLEY VS. VENEZIO, THOMAS A | Balance Due: $110.00 |
|---|---|---|
| | BULL VALLEY COMPLAINT | Bond Balance: $0.00 |
| | | Def DOB: 6/30/69 |

**Charge 1**   625-5/11-601(B)   DRIVING 11-14 MPH ABOVE LIMIT   **Class** P   **Ticket #:** 03046644
**Date:** 01/26/2014   **Disposition:** WITHHOLD - JUDGMENT - SUPERVISION   **Disposition Manner:** GUILTY - COURT

| **Sentence** | **Date:** 02/14/2014 | **Type:** FINE, COSTS, FEES | $120.00 |
|---|---|---|---|
| **Sentence** | **Date:** 06/13/2014 | **Type:** FINE, COSTS, FEES | $250.00 |
| **Sentence** | **Date:** 06/13/2014 | **Type:** SUPERVISION | 100.00 DAY(S) |

## ASSESSMENTS

| Date | Type | Amount | PTD | Bal Due | Reason | Rescind Date |
|---|---|---|---|---|---|---|
| 06/09/2014 | VACATE - FINAL JUDGMENT ORDER (FOC) | $40.00 | $40.00 | $0.00 | | |
| 06/13/2014 | ELECTRONIC CITATION-BULL VAL (ECF030) | $5.00 | $5.00 | $0.00 | | |
| 06/13/2014 | COURT SUPERVISION-BULL VALLEY (PVF030) | $35.00 | $35.00 | $0.00 | | |
| 06/13/2014 | ATTY.FEE-BULL VALLEY (MA030) | $25.00 | $15.00 | $10.00 | | |
| 06/13/2014 | CIRCUIT CLERK FEE (COST) | $10.00 | $10.00 | $0.00 | | |
| 06/13/2014 | COURT FEE (CF) | $5.00 | $5.00 | $0.00 | | |
| 06/13/2014 | DRUG COURT FINE (DCF) | $5.00 | $5.00 | $0.00 | | |
| 06/13/2014 | MENTAL HEALTH COURT FINE (MHCF) | $10.00 | $10.00 | $0.00 | | |
| 06/13/2014 | COURT AUTOMATION FEE (CAF) | $15.00 | $15.00 | $0.00 | | |
| 06/13/2014 | COURT DOCUMENT FEE (CDF) | $15.00 | $15.00 | $0.00 | | |
| 06/13/2014 | COURT SECURITY FEE (CSF) | $25.00 | $25.00 | $0.00 | | |
| 06/13/2014 | STATES ATTORNEY AUTOMATION FEE (SAAF) | $2.00 | $0.00 | $2.00 | | |
| 06/13/2014 | CHILD ADVOCACY CENTER FINE (CAC) | $13.00 | $0.00 | $13.00 | | |
| 06/13/2014 | FINE-BULL VALLEY (F030) | $50.00 | $0.00 | $50.00 | | |
| 06/13/2014 | STATE POLICE OP ASSISTANCE FEE (SPOAF) | $15.00 | $0.00 | $15.00 | | |
| 06/13/2014 | PTF10 TR/CR SURCHARGE (PTF10) | $20.00 | $0.00 | $20.00 | | |

**ASSESSMENTS TOTAL: $290.00**

## PAYMENTS

| Date | Type | Check Number | Amount | Receipt Number |
|---|---|---|---|---|
| 06/13/2014 | BOND APPLIED | | $120.00 | 4584513 |
| 06/13/2014 | CASH | | $20.00 | 4584513 |
| 06/13/2014 | REVENUE TRANSFER | | $-120.00 | 4584498 |
| 06/09/2014 | CASH | | $40.00 | 4580599 |
| 02/14/2014 | INTERNET PAYMENT | | $120.00 | 4505793 |

**PAYMENTS TOTAL: $180.00**

## BOND SUMMARY

| Date | Activity Type | Amount | Case To | Case From | Posted By |
|---|---|---|---|---|---|
| 06/13/2014 | REINSTATEMENT | $120.00 | 14TR003328 | | |
| 06/13/2014 | BOND APPLIED | $-120.00 | 14TR003328 | 14TR003328 | |

**BOND SUMMARY TOTAL: $0.00**

## COMPLIANCE PLAN

| Plan Number | Plan Date | Plan Type | Amount | Frequency | Payment Day |
|---|---|---|---|---|---|
| 14FC004172 | 06/13/2014 | INSTALLMENT | $37.00 | Monthly | 07/02/2014 |

**EXHIBIT**

F

06/13/2014  10:06 am                                                                                      Page 1 of 1