# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Fernando Cruz-Bernal, et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No: 14 C 50178 |
| | ) | |
| Katherine M. Keefe, et al., | ) | |
| | ) | |
| *Defendants*. | ) | Judge Frederick J. Kapala |

## ORDER

Defendants' motions to dismiss [26] [33] are granted. Plaintiffs' complaint is dismissed without prejudice. This case is closed.

## STATEMENT

Plaintiffs, Fernando Cruz-Bernal, Courtney A. Reinhard, Michael B. Hodge, and Thomas A. Venezio, brought this suit pursuant to 42 U.S.C. § 1983, against defendants, Katherine M. Keefe, Circuit Clerk of the Twenty-Second Judicial Circuit, McHenry County; McHenry County Treasurer Glenda Miller;[1] the County of McHenry; and other unknown entities. In their first amended complaint, plaintiffs allege that Keefe improperly imposed additional fines on them, which were not imposed by the court, in violation of their constitutional rights to due process of law as provided for in the Fourteenth Amendment and the Ex Post Facto Clause in Article I, § 10.[2] The allegations in the complaint arise from plaintiffs' varying traffic or criminal violations, which resulted in convictions and sentences in which the court ordered plaintiffs to pay a fine and "all court costs assessed by the Clerk" by a certain date. Currently pending before this court are two motions to dismiss for, among other things, failure to state a claim upon which relief can be granted. For the following reasons, both motions are granted.

### I. BACKGROUND

According to their complaint, plaintiffs were all defendants in traffic or criminal court in the

---

[1]The original complaint named former Treasurer William LeFew as a defendant. Glenda Miller was substituted as the Treasurer in her official capacity pursuant to Federal Rules of Civil Procedure 25.

[2]Plaintiffs' allegations of an ex post facto violation is patently without merit. The ex post facto prohibition forbids the Congress and the States to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." Weaver v. Graham, 450 U.S. 24, 28 (1981) (quotation marks omitted). Here, there is no basis to believe that any of the statutorily-mandated fines at issue in this case were enacted or changed between the time plaintiffs committed their offenses and their sentencings. Therefore, there are no ex post facto violations at play in this case.

Circuit Court for McHenry County. Upon conviction and sentencing, each plaintiff was informed that in addition to the fines that were set by the judge, there would be additional statutory court costs that neither the judge nor the clerks had control over. Plaintiffs allege Keefe imposed, beyond her authority, the following additional fines or fees: DUI Equipment Fine (625 ILCS 5/11-501.01(f)), PTF10 TR/CR Surcharge Fund (730 ILCS 5/5-9-1(c)), Trauma Center Fund (625 ILCS 5/16-104b), Violent Crime Assistance Fund (725 ILCS 240/10(b)), Roadside Memorial Fund (705 ILCS 105/27.5(f)), Child Advocacy Center Fine (55 ILCS 5/5-1101(f-5)), Mental Health Court Fine (55 ILCS 5/5-1101(d-5)), Drug Court Fee (55 ILCS 5/5-1101(f)), Spinal Cord Research Fund (705 ILCS 105/27.6(b-1)), Court Supervision Fee (625 ILCS 5/16-104c), and Drivers Education Fund (625 ILCS 5/16-104a). Further, plaintiffs allege Keefe disbursed those fines to the Treasurer, the County, and other unknown entities.

Based on these allegations, plaintiffs filed a three-count, first-amended complaint. Although it is not particularly clear, it appears that plaintiffs' primary claims are brought pursuant to § 1983, yet there is no count specifically brought under that section. Rather, plaintiffs have styled their three counts as: (1) "Class Action Averments," (2) "Declaratory Judgment and Injunctive Relief," and (3) "Assumpsit." The first of these two "counts" are not actual, independent claims, but instead appear to be forms of relief related to plaintiffs' unnamed § 1983 claim,[3] while the third count is an obscure common-law claim that is similar to a claim for unjust enrichment. Because Count I seeks, among other things, money damages for the individually-named plaintiffs, the court will construe Count I as a claim under § 1983 and analyze the merits of such a claim before considering whether it would be appropriate to proceed on that claim as a class action.

## II. ANALYSIS

### A. Count I: § 1983 Claim

"In general, exhaustion of state remedies 'is not a prerequisite to an action under § 1983.'" Heck v. Humphrey, 512 U.S. 477, 480 (1994) (quotation marks omitted). However, "to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff [seeking a remedy under § 1983] must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. Thus, the court must consider whether a judgment for plaintiffs would necessarily imply the invalidity of their convictions or sentences, and if it would, then the court must dismiss the claim, unless plaintiffs can demonstrate that the convictions or sentences have already been invalidated on direct appeal or through a state or federal habeas corpus challenge. See Burd v.

---

[3]There is no specific reference to § 1983 in Count I of plaintiffs' first complaint, and plaintiffs did not incorporate paragraph 20, or any of the other preceding paragraphs of the complaint, into that count. Counsel should be aware, however, that a blanket incorporation of all preceding paragraphs is often inappropriate, especially where doing so would only add confusion to the complaint. See Stanard v. Nygren, 658 F.3d 792, 798 (7th Cir. 2011) ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy."). For example, the incorporation of paragraphs 1-64 into Count III, the assumpsit claim, leaves it to the court and defendants to determine which of those allegations are relevant to that count and is not appropriate.

Sessler, 702 F.3d 429, 433 (7th Cir. 2012) (citing Heck, 512 U.S. at 487).

As alleged in the complaint, plaintiffs were convicted and sentenced on various traffic and criminal charges. Plaintiffs do not allege or indicate in their complaint that their convictions or sentences have been invalidated on direct appeal or collateral attack. Instead, plaintiffs have filed suit directly in this court under § 1983 asking this court to invalidate the alleged additional fines imposed by Keefe and order reimbursement of those fines. Plaintiffs admit that they were informed by either the presiding judge or the court security officer that "in addition to fines that were 'set' by the judge, 'court costs' would be added" as established by the legislature. The additional court costs were part of the judges' sentencing order and, therefore, any action by this court overruling those costs would necessarily imply the invalidity of that sentence.[4] See Wilkinson v. Dotson, 544 U.S. 74, 84 (2005) (concluding that a case is Heck-barred "because nullification of the disciplinary procedures would lead necessarily to restoration of good-time credits and hence the shortening of the prisoner's sentence" (quotation marks omitted)); McDonald v. White, No. 11 C 2006, 2011 WL 1793264, at *2 (N.D. Ill. May 5, 2011) (applying Heck where a decision in favor of the plaintiff would invalidate the state court's sentence by allowing the plaintiff to have his bond money reimbursed such that his fine and fee would become the burden of the County). Because granting plaintiffs this requested relief would necessarily imply the invalidity of their sentences, this court does not have the ability to provide such a remedy. See Hill v. Murphy, 785 F.3d 242, 245 (7th Cir. 2015) (holding that the plaintiff's coerced-admission claim was Heck-barred because his conviction had not already been invalidated); Matz v. Klotka, 769 F.3d 517, 531 (7th Cir. 2014) (concluding that because the plaintiff's sentence remained intact, overturning his conviction would result in an invalidation of his sentence). The issues raised in plaintiffs § 1983 claim are better suited for a direct appeal to the Illinois Appellate Court or other state court action, and the convictions or sentences must be invalidated before the § 1983 claim can be brought back to federal court. Therefore, plaintiffs' § 1983 claim in Count I is Heck-barred.

### B. Count I: Class Certification

In Count I, plaintiffs further contend that class certification would be appropriate for their § 1983 claim, and they propose a class with more than 700,000 individuals and total damages in excess of $25,350,000 based on the various fines imposed by Keefe over the past fourteen years. Plaintiffs, however, have not moved for class certification under Fed. R. Civ. P. 23 nor have they asked for this court's ruling on the class certification proposed in their complaint. In any event, as mentioned above, plaintiffs have no valid claim under § 1983 as their individual claims have been Heck-barred. Consequently, plaintiffs no longer have a personal stake in the claim, to allow them to continue in federal court under these circumstances would "def[y] the limits on federal jurisdiction." Damasco v. Clearwire Corp., 662 F.3d 891, 896 (7th Cir. 2011) ("To allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III."). Even if the court was to analyze class certification without a motion or request, see Kasalo v. Harris & Harris, Ltd., 656 F.3d 557, 563 (7th Cir. 2011) ([A]

---

[4]For purposes of this order, the court need not decide whether the act of imposing additional costs or fines by Keefe was an unauthorized delegation of power.

court may deny class certification even before the plaintiff files a motion requesting certification."), plaintiffs would not be fair and adequate representatives to the class because their claims are Heck-barred.  See Fed. R. Civ. P. 23(a)(4).  Therefore, plaintiffs' failure to motion or request class certification coupled with their claim being Heck-barred results in the denial of class certification and dismissal of Count I.

### C.  Count II: Declaratory and Injunctive Relief

In Count II, plaintiffs seek declaratory and injunctive relief to prevent the future imposition, by Keefe, of the above fines.  "Heck explicitly addresses only § 1983 damage claims, so arguably [it] does not apply to claims for equitable relief."  Jones v. Watkins, 945 F. Supp. 1143, 1149 (N.D. Ill. 1996).  Defendants allege the court should dismiss plaintiffs' claim for declaratory and injunctive relief because plaintiffs fail to allege standing, that is, there exists a real and immediate danger that the alleged harm will occur in the future.  "In order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action."  Genesis Healthcare Corp. v. Symczyk, 569 U.S. ____, 133 S. Ct. 1523, 1528 (2013); see also Trippe Mfg. Co. v. Am. Power Conversion Corp., 46 F.3d 624, 627 (7th Cir. 1995) ("The Declaratory Judgment Act, 28 U.S.C. § 2201, allows federal courts, in their discretion, to render declaratory judgments only where there exists an actual controversy." (quotation marks omitted)).  An abstract injury is not sufficient; plaintiffs seeking declaratory or injunctive relief must show that they are immediately in danger of sustaining some direct injury due to the challenged conduct and the threat of injury must be both real and immediate, not conjectural or hypothetical.  City of L.A. v. Lyons, 461 U.S. 95, 101-02 (1983) (quotation marks omitted); see also Camreta v. Greene, 563 U.S. ____, 131 S. Ct. 2020, 2028 (2011).

In this case, there are no allegations by plaintiffs that defendants will likely impose the above mentioned costs, fines, or fees against plaintiffs in the future.  See Houston v. Sheahan, 62 F.3d 902, 903 (7th Cir. 1995) (claim for injunctive relief held moot where former inmate did not allege that he was likely to return to jail), abrogated on other grounds by Haley v. Gross, 86 F.3d 630 (7th Cir. 1996).  In order to properly plead a claim for prospective relief, plaintiffs would have to allege that they are likely to be convicted and sentenced for traffic or criminal offenses, by the Circuit Court for McHenry County, and have the additional costs imposed on them again by Keefe.  Instead, plaintiffs simply allege that since defendants have illegally imposed the fines before, it is likely that the fines will be illegally imposed on future offenders.  However, the Seventh Circuit has ruled that it is impermissible for a plaintiff who lacks standing to "piggy-back on the injuries of the unnamed class members."  Payton v. Cnty. of Kane, 308 F.3d 673, 682 (7th Cir. 2002).  That is precisely what plaintiffs are attempting to do in this case.  Accordingly, "it bears repeating that a person cannot predicate standing on injury which he does not share.  Standing cannot be acquired through the back door of a class action."  Id.  Because plaintiffs do not face a real and immediate threat of injury, their claim for declaratory and injunctive relief is dismissed.

### D.  Count III: Assumpsit

In Count III, plaintiffs raise a common-law claim of assumpsit, seeking damages for alleged unjust enrichment of defendants, which resulted from the collection of additional fines imposed by Keefe.  "Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits."

<u>Miller v. Herman</u>, 600 F.3d 726, 738 (7th Cir. 2010). "But a district court is never required to relinquish jurisdiction over state law claims merely because the federal claims were dismissed before trial . . . [t]he only requirement is that it make a considered determination of whether it should hear the claims." <u>Id.</u> Here, the court has decided not to exercise its jurisdiction over plaintiffs' assumpsit claim. Accordingly, Count III is dismissed.

### III. CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are granted. Counts I, II, and III are dismissed without prejudice.[5]

Date: 7/13/2015

ENTER:

_____
FREDERICK J. KAPALA

District Judge

---

[5]Although plaintiffs may be out of time to file a direct appeal of their convictions or sentences, the court dismisses the complaint without prejudice to refile in state court if doing so would be appropriate.